IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MID WEST HOTEL LODGING, LLC, | § | Case No. 11-40629 |
| | § | |
| Debtor. | § | |

GAINESVILLE ISD'S OBJECTION TO CONFIRMATION OF
SECOND AMENDED COMPETING PLAN OF
<u>REORGANIZATION OF JAGMOHAN DHILLON</u>

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Gainesville ISD, creditor and party-in-interest, and objects to confirmation of Second Amended Competing Plan of Reorganization of Jagmohan Dhillon (the "Plan"). In support of its objection, Gainesville ISD would show the Court as follows:

1. Gainesville ISD is a unit of local government in the State of Texas that possesses the authority under the laws of the state to assess and collect *ad valorem* taxes on real and business personal property.

2. Gainesville ISD is the holder of a prepetition claim in the amount of $39,788.70 for ad valorem property taxes for tax year 2011 assessed against the Debtor's property located within its jurisdiction.

3. Gainesville ISD's claim is secured by unavoidable, first priority, perfected liens on all of the Debtor's real property pursuant to Texas Property Tax Code Sections 32.01 and 32.05. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App. – Eastland 1995). These liens are *in solido* and attach on January 1 of each year to all property of the property owner. *In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264 (Tex. App.-Dallas 1994).

    4.      Texas Property Tax Code Section 32.01 provides:

        (a)      On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .

        (c )      The lien under this section is perfected on attachment and . . . perfection requires no further action by the taxing unit.

Tex. Tax Code § 32.01 (LEXIS current through the 2011 first called session).

    5.      Gainesville ISD objects to Section 6.09 of the Plan. Gainesville ISD does not consent to the receive plan payments pursuant to Section 5.02 of the Plan from any entity (other than the Reorganized Debtor) who acquires ownership of the Debtor's real property. A plan is a contract between the Debtor/Reorganized Debtor and its creditors. The Debtor and the Reorganized Debtor are the only entities who are entitled to the protection of the Bankruptcy Code and the terms of payment of Gainesville ISD's claim as set forth in 11 U.S.C. Sections 506(b), 511 and 1129. If there were no Bankruptcy case, any entity acquiring ownership of the real property would be responsible for paying year 2011 ad valorem property taxes. In the event another entity acquires ownership of the real property, Gainesville ISD must receive payment in full of year 2011 ad valorem property taxes plus all penalties and interest that have accrued at the time of payment.

    6.      Gainesville ISD objects to confirmation of the proposed Plan because Section 11.07 provides that all claims for undelivered distributions must be made on or before the second anniversary of the Effective Date.[1] After such date all unclaimed property shall be presumed abandoned and turned over to the State of Texas pursuant to the Unclaimed Property Statute and the Reorganized Debtor shall be forever discharged from the responsibility or liability on account of such Claim. Section 5.02 of the Plan contemplates payments to Gainesville ISD that

---

[1] All capitalized terms that are not defined herein shall have the same meaning as in the Plan.

extend well beyond the second anniversary of the Effective Date.  The Bankruptcy Code requires that Gainesville ISD receive payment in full of its claim no later than February 28, 2016.  In the event a payment to Gainesville ISD is returned as undeliverable after the second anniversary of the Effective Date that distribution will be discharged and forever barred.  Similarly, each subsequently returned distribution will be discharged and forever barred.  Gainesville ISD objects to what amounts to the disallowance of its claim or a portion thereof without the benefit of a contested matter.

7.    Gainesville ISD objects to Section 11.07 of the Plan which also provides that checks shall be null and void if not cashed within ninety day s of the date of delivery and that if a request for reissuance of such check is not made within ninety days after the date of delivery of such check all Claims with respect to void checks shall be discharged and forever barred.  Gainesville ISD objects to what amounts to the disallowance of its claim or a portion thereof without the benefit of a contested matter.

8.    Gainesville ISD objects to Section 11.07 of the Plan which also provides that all unclaimed funds will be turned over to the State of Texas and the holder of a Claim giving rise to such turnover shall have no claim against the Reorganized Debtor and shall be limited solely to the recovery obtained from the State of Texas.  Gainesville ISD objects to the disallowance of its claim or a portion thereof without the benefit of a contested matter.

Wherefore, based upon the foregoing, Gainesville ISD requests that the Court enter an order denying confirmation of the Plan and for such other and further relief to which it is entitled.

Dated:  November 9, 2011.

        Respectfully submitted,

        Linebarger Goggan Blair & Sampson, LLP
        2323 Bryan St., Suite 1600
        Dallas, Texas 75201
        Ph. No.  (214) 880-0089
        Fax No. (469) 221-5002
        Laurie.huffman@lgbs.com

By:   */s/ Laurie Spindler Huffman*
      Laurie Spindler Huffman
      SBN 24028720

      ATTORNEYS FOR GAINESVILLE ISD

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on November 9, 2011, a true and correct copy of the foregoing was served *via* electronic mail or through the Court's electronic case filing system on J. Michael Sutherland, email:  msutherland@ccsb.com, George A. Kurisky, Jr., email: gkurisky@jdkklaw.com and John M. Vardeman, email:  John.M.Vardeman@usdoj.gov and via U.S. Mail, First Class, Postage Pre-Paid upon Mid West Hotel Lodging, LLC, 2716 Palazzo Ct., Modesto, CA 95256.

        */s/ Laurie Spindler Huffman*
        Laurie Spindler Huffman