# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Mid West Hotel Lodging, LLC** | § | Case No. 11-40629 |
| *dba* **Holiday Inn Express Gainesville,** | § | |
| | § | |
| Debtor. | § | |

### OBJECTION OF JAGMOHAN DHILLON TO DEBTOR AND NEW GLOBAL PROPOSED PLAN(S) OF REORGANIZATION, WITH DESIGNATION OF WITNESSES AND EXHIBITS

TO THE HONORABLE BRENDA RHOADES, U.S. BANKRUPTCY JUDGE:

Jagmohan Dhillon hereby objects to the plan(s) of reorganization proposed by the Debtor (Docket Nos. 137 and 149) and New Global, Inc. ("New Global") (Docket Nos. 132 and 152), and in support thereof would show the following.

## I.  OBJECTIONS TO THE PLAN(S)

1. The Debtor's plan and the New Global plan are effectively the same plan in light of the modifications proposed by both on October 27-28, 2011 (Docket Nos. 149, 152), and, therefore, Dhillon will address the plans (together, the "Joint Plan") as one in this objection.

2. The Joint Plan violates 11 U.S.C. § 1129(a) in one or more regards, without limitation, as set forth below.

3. The Joint Plan is not feasible. The Joint Plan would leave Gurpeet Dhaliwal ("Dhaliwal") in control as the majority shareholder. It was under Dhaliwal's management that the Debtor encountered the financial difficulties that led to the Chapter 11 filing. Although the Joint Plan proposes that Raj Patel ("Patel") will become the manager of the Property, the Joint Plan provides no assurance that Patel will continue in management for any guaranteed period of time, nor that Patel will have a final say as to operational matters. Accordingly, the Joint Plan effectively

leaves Dhaliwal in complete control in an overall managerial capacity and in terms of the Debtor's operations.

4. The new allocation of the Debtor's equity also must be approved by the Holiday Inn Express franchisor. The Joint Plan does not suggest how or when the proponents of the Joint Plan intend to satisfy the change-in-ownership requirements of the franchisor. The Plan is also not feasible in this regard.

5. The Joint Plan, and/or New Global's plan have been proposed and/or solicited in bad faith. New Global had secured a deal with the SBA to acquire the SBA note prior to the solicitation of New Global's plan, but New Global failed to provide any disclosures to creditors of this drastic change in the chess board of this case prior to solicitation. Alternatively, New Global's votes with respect to any proposed plan should be designated under 11 U.S.C. § 1126(e).

6. The Joint Plan improperly strips Dhillon of his equity in this case. The general unsecured creditors in the Joint Plan are paid in full. The failure to pay interest is a ruse by the proponents of the Joint Plan to not expend a relatively de minimis amount of funds in order to pay interest. The Joint Plan should provide that Dhillon retain his equity, the Joint Plan should be amended to pay the tiny amount of interest that would be due to the general unsecured class, or an auction should be held to determine the ownersdhip of the equity of the Reorganized Debtor.

7. The Plan fails to meet one or more other requirements of 11 U.S.C. § 1129(a).

8. The Plan fails to meet the requirements of 11 U.S.C. § 1129(b).

### III.   RESERVATION OF RIGHTS

9. Dhillon reserves the right to amend, expand, and supplement this Objection prior to the hearing on the Plan.

## IV.   JOINDER

10.   Dhillon joins in any other objections to the proposed Plan(s) of the Debtor and New Global filed by any other creditors or parties in interest, to the extent not inconsistent herewith.

## V.   PRELIMINARY DESIGNATION OF WITNESSES AND EXHIBITS

11.   Dhillon designates the following persons as potential witnesses in connection with any hearing on the pending plans.

   a. Jagmohan Dhillon
   b. Jay Karotkin
   c. Gupreet Dhaliwal
   d. Raj Patel
   e. One or more representatives of the Debtor.
   f. One or more representatives of New Global.
   g. Any witness identified or called by any other party.
   h. Any rebuttal or impeachment witness.

12.   Dhillon designates the following documents and/or things as potential exhibits in connection with any hearing on the pending plans.

   a. The proposed plans of each proponent.
   b. The disclosure statements and projections of each proponent.
   c. Star reports of the Debtor's property.
   d. Management action plans relating to the property.
   e. Holiday Inn reports relating to the Debtor.
   f. Guest surveys and other similar reporting.
   g. Documents provided by SBA pursuant to Freedom of Information Act request by Dhillon.
   h. Any exhibits designated by any other party.

13.   Dhillon reserves the right to add and/or remove witnesses and exhibits from this designation, and to make amended and/or supplemental designations.

## VI.   CONCLUSION AND PRAYER

WHEREFORE, Jagmohan Dhillon, respectfully requests that the Court deny confirmation of the Joint Plan and/or the plans proposed by the Debtor and New Global. Dhillon requests such other and further relief to which he is entitled at law or in equity.

Dated:  November 9, 2011        Respectfully submitted,

       WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

       By:  /s/ Jeff Carruth
           JEFF CARRUTH
           State Bar No. 24001846
           3030 Matlock Rd., Suite 201
           Arlington, Texas 76015
           Phone: (817) 795-5046
           Facsimile: (866) 666-5322
           jcarruth@wkpz.com

       ATTORNEYS FOR JAGMOHAN DHILLON

## **CERTIFICATE OF SERVICE**

This is to certify that on November 9, 2011 a true and correct copy of the foregoing was served upon all registered ECF users in this case.

       /s/ Jeff Carruth
One of Counsel

**OBJECTION TO CONFIRMATION — Page 4 of 4**